UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GISELA ROLON,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.<br>3:07-cv-00156 (VLB) |
| PEP BOYS – MANNY, MOE & JACK,<br>Defendant. | : | March 10, 2009 |

MEMORANDUM OF DECISION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #39]

The defendant, Pep Boys – Manny, Moe & Jack ("Pep Boys"), moves for summary judgment in this action filed by the plaintiff, Gisela Rolon, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Pep Boys argues that it is entitled to summary judgment because Rolon has failed to set forth sufficient evidence that would permit a reasonable jury to find that Pep Boys discriminated and retaliated against her on the basis of sex and pregnancy. For the reasons given below, Pep Boys' motion for summary judgment [Doc. #39] is DENIED.

The following facts are relevant to Pep Boys' motion for summary judgment. Beginning in 1997, Rolon was employed by Pep Boys, an automobile servicer and parts retailer, as a customer service representative in its store in West Hartford, Connecticut. From August to December 2005, she took a maternity leave of absence. On February 9, 2006, approximately two months after

she returned to work, Pep Boys' loss prevention manager questioned whether Rolon had improperly used her employee discount privilege on behalf of relatives and friends who were not eligible for it. Pep Boys' employee discount policy provided in relevant part: "This benefit is for your personal use and the personal use of your spouse and dependent children . . . . Personal use does include purchasing gifts for others. . . . Do not compromise your career with the company. If you are unsure as to what is a legitimate discount, ask your manager for advice." [Doc. #39, Ex. 4] According to Pep Boys, Rolon improperly discounted certain items in 2003, depriving Pep Boys of $200. Pep Boys states that it learned of Rolon's improper discounts while conducting a fraud investigation of one of her coworkers, a cashier named Melissa Rivera, in December 2005. Rivera suggested to Pep Boys that Rolon and four other employees were also violating company policies. On February 21, 2006, Pep Boys decided to terminate Rolon's employment.

While Pep Boys maintains that the reason for Rolon's termination was her improper use of her employee discount, Rolon maintains that she was terminated because of her sex and recent pregnancy. She alleges that after she returned from her maternity leave of absence, she complained to her supervisor, John Samela, that he did not allow her to work full time even though she wanted to do so and there was a sufficient amount of work available at the store. She also alleges that Samela made several remarks that she should not be working because she had recently given birth. According to Rolon, Samela made the

**following remarks: "Go home and be with your baby. We don't have work for you."; and "Why are you working? You don't want to be here when you have a new baby at home." [Doc. #43, Memorandum p. 6] Rolon further claims that she had management approval for all uses of her employee discount, and, therefore, Pep Boys did not have a legitimate reason to terminate her.**

**The Court now turns to the standard governing Pep Boys' motion for summary judgment. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." <u>Huminski v. Corsones</u>, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." <u>Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH</u>, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." <u>Huminski</u>, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat**

summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a 'legitimate, nondiscriminatory reason' for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006).

Pep Boys first argues that Rolon has failed to set forth a prima facie case of discrimination on the basis of sex and pregnancy. "The plaintiff must first establish a prima facie case by demonstrating that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). In the present case, the parties agree that Rolon satisfies the first three elements of her prima facie case of discrimination on the basis of sex and pregnancy because she is female, she performed her job satisfactorily, and she

**was terminated. As to the fourth factor, in order to determine whether there is an inference of discrimination, the Court must set forth the standard that applies to Samela's alleged remarks concerning Rolon's pregnancy.**

**"Verbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff. . . . Often, however, an employer will argue that a purportedly discriminatory comment is a mere 'stray remark' that does not constitute evidence of discrimination. . . .**

**"In determining whether a comment is a probative statement that evidences an intent to discriminate or whether it is a non-probative 'stray remark,' a court should consider the following factors: (1) who made the remark, i.e., a decisionmaker, a supervisor, or a low-level co-worker; (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, i.e., whether it was related to the decisionmaking process." Schreiber v. Worldco, LLC, 324 F. Supp. 2d 512, 518-19 (S.D.N.Y. 2004).**

**The United States Court of Appeals for the Second Circuit has clarified the proper manner in which a district court should consider allegedly discriminatory remarks. "[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination. . . . The more a remark evinces a discriminatory state of mind,**

**and the closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be. . . . Where we described remarks as 'stray,' the purpose of doing so was to recognize that all comments pertaining to a protected class are not equally probative of discrimination and to explain in generalized terms why the evidence in the particular case was not sufficient. We did not mean to suggest that remarks should first be categorized either as stray or not stray and then disregarded if they fall into the stray category." Tomassi v. Insignia Financial Group, Inc., 478 F.3d 111, 115-16 (2d Cir. 2007).**

**Applying those standards to Samela's alleged remarks, the Court concludes that the remarks sufficiently support an inference of discrimination on the basis of sex and pregnancy. Samela was Rolon's supervisor, and he allegedly made the remarks during the approximately two months between Rolon's return from maternity leave and her termination. A reasonable jury could view the remarks as discriminatory because they suggested that Rolon should not have returned to work after giving birth. Although Pep Boys asserts that Samela did not make the decision to terminate Rolon, that factor is not determinative. Samela's status as Rolon's supervisor, the proximity of the remarks to the termination, and the discriminatory content of the remarks all suggest an inference of discrimination on the basis of sex and pregnancy. Furthermore, the circumstances of the remarks and the termination decision involve credibility determinations. "Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for**

**the court on summary judgment." McClellan v. Smith, 439 F.3d 137, 148 (2d Cir. 2006) (quoting United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994)).**

**Under McDonnell Douglas, the burden now shifts to Pep Boys to give a legitimate, nondiscriminatory reason for terminating Rolon. Pep Boys cites Rolon's violation of the employee discount policy as the reason for terminating her. "[E]mployee misconduct is a legitimate, nondiscriminatory reason for the termination of employment." Cordell v. Verizon Wireless, 550 F. Supp. 2d 400, 403 (W.D.N.Y. 2008). The Court therefore concludes that Pep Boys has met its burden under the second prong of McDonnell Douglas.**

**The burden shifts back to Rolon under the third prong of McDonnell Douglas. Rolon must identify sufficient evidence that would permit a reasonable jury to find that Pep Boys' reason for terminating her was a pretext for discrimination on the basis of sex and pregnancy. Whether Pep Boys' reason was pretextual depends on whether Rolon actually violated the employee discount policy. Rolon alleges that she had management approval for all uses of her employee discount. Pep Boys asserts that management approval was not necessary because use of employee discounts was on an "honor system." Pep Boys' employee discount policy, however, states that if employees "are unsure as to what is a legitimate discount, ask your manager for advice." [Doc. #39, Ex. 4] Therefore, Pep Boys expressly advised its employees to seek management approval in order to ensure the proper use of discounts. Rolon alleges that she obtained approval for her discounts in 2003 and was then terminated for those**

discounts three years later. She also offers the testimony of Brunilda Hewitt, a Pep Boys manager in Rolon's store, who supports the view that employee discounts required management approval. The testimony of Rolon and Hewitt constitute sufficient evidence for a reasonable jury to find that Pep Boys' reason for terminating Rolon was a pretext.

The Court next considers Rolon's claim of retaliation. Pep Boys argues that Rolon has failed to set forth a prima facie case. "In order to present a prima facie case of retaliation under Title VII . . . a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that [she] engaged in protected participation or opposition under Title VII . . . (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 205-06 (2d Cir. 2006).

The Court concludes that Rolon has established a prima facie case of retaliation because she complained to Samela that he was not allowing her to work as many hours as she wanted after she returned from maternity leave. As to the first part of the prima facie case, "informal protests of discriminatory employment practices, including making complaints to management" are encompassed within an employee's protected participation or opposition under Title VII. Sumner v. U.S. Postal Service, 899 F.2d 203, 209 (2d Cir. 1990). The

**second and third parts are satisfied because Samela received Rolon's complaints and Rolon was later terminated. As to the final part, a reasonable jury could find that a retaliatory motive existed in light of Rolon's complaints, Samela's remarks, and whether Pep Boys had a valid reason for terminating Rolon.**

**Pep Boys' motion for summary judgment [Doc. #39] is DENIED.**

**IT IS SO ORDERED.**

**/s/**
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: March 10, 2009.**